UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ANNETTE VOGELFANG,

        Petitioner,

    -against-

THE PEOPLE OF THE STATE OF NEW YORK,

        Defendant.
----------------------------------------------------------------X

05-cv-2300 (SJF)(JO)

**OPINION AND ORDER**

FEUERSTEIN, J.:

I.    Introduction

*Pro se* petitioner Annette Vogelfang ("Petitioner") petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the petition is denied.

II.    Petitioner's Pleadings

A *pro se* plaintiff's submissions are held "to less stringent standards than formal pleadings drafted by lawyers . . . ." Hughes v. Rowe, 449 U.S. 5, 9, 66 L. Ed.2d 163, 101 S. Ct. 173 (1980) (quoting Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed.2d 652 (1972)). To this end, a court must "read the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments they suggest.'" McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)). Nonetheless, a *pro se* plaintiff is not exempt from compliance with relevant rules of procedural and substantive law. Traguth v. Zuck, 710 F.2d 90, 92 (2d Cir. 1983).

III. Background

Petitioner pleaded guilty on February 5, 2003 in County Court, Suffolk County, to one count of Burglary in the Second Degree and one count of Attempted Burglary in the Second Degree.[1] (Pet. at ¶ 5; Plea Tr. at 14-15). The charges to which Petitioner pleaded guilty were brought pursuant to Indictment 249-02 and Superior Court Information 358-03, respectively. Petitioner, who faced a possible sentence of forty years to life in prison if convicted at trial, was sentenced to concurrent terms of nine years and five years of incarceration, with 2½ years of post-release supervision for each. (Pet. at ¶ 5; Plea Tr. at 15). Petitioner is currently incarcerated. (Pet.). On April 5, 2004, Petitioner appealed the sentence imposed by the trial judge as unduly harsh and severe. The Appellate Division affirmed her sentence without opinion in a Decision and Order dated April 15, 2004, and leave to appeal to the Court of Appeals was denied on October 22, 2004. Petitioner filed the instant action on May 10, 2005, apparently claiming that the 249-02 and 358-03 convictions should have been encompassed in a sentence previously imposed for earlier convictions, and that her sentence was unduly harsh.

IV. Analysis

    A. Exhaustion

Defendant argues that Petitioner failed to raise the specific claims asserted in this action in her previous state court proceedings, and her claims are therefore precluded for failure to satisfy the exhaustion requirement. (Def. Mem. at 2-3). However, even assuming Petitioner

---

[1] At the time of Petitioner's February 5, 2003 plea, she had not yet been indicted on the Attempted Burglary charge. She pleaded guilty, however, with the understanding and on the condition that "the case that has not been indicted that is pending in District Court; that the People will prepare a Superior Court Information. And the Defendant would plead guilty to that charge." (Plea Tr. at 14-15).

failed to exhaust her state remedies, this Court has discretion to deny Petitioner's claims on the merits. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."); Gandarilla v. Artuz, 322 F.3d 182, 186 (2d Cir. 2003).

B.  Petitioner's Guilty Pleas

Petitioner appears to claim that the charges contained in Indictment 249-02 and Superior Court Information No. 358-03 should have been encompassed in an earlier sentence imposed for previous convictions, and that her prison sentence was unduly harsh. Petitioner alleges that she "has been unlawfully imprisoned and feels she served her time and both cases 249/02 and 358/03 should be dismissed in the interest of justice." (Attachment to Pet. at 5).

A guilty plea will be upheld as long as it was entered knowingly, voluntarily and intelligently. Wilson v. McGinnis, 413 F.3d 196, 200 (2d Cir. 2005). In evaluating whether a plea is knowing and voluntary, "[a] defendant's statements at [her] plea allocution 'carry a strong presumption of verity.'" Rosa v. United States, 170 F. Supp. 2d 388, 402 (S.D.N.Y. 2001) (quoting, in part, Blackledge v. Allison, 431 U.S. 63, 74 (1977); see also United States v. Arias, 166 F.3d 1201 (2d Cir. 1998) ("Absent credible reasons for rejecting appellant's statements, [such statements] establish that the plea was entered knowingly and voluntarily."); United States v. Gonzalez, 970 F.2d 1095, 1100 (2d Cir. 1992) (holding statements at plea allocution to be conclusive absent reasons justifying departure from their apparent truth) (quotations and citations omitted). During her allocution, Petitioner repeatedly indicated that her guilty pleas were knowing and voluntary. (See, e.g., Plea Tr. at 15-20). She informed the

presiding judge that the decision to plead guilty was her choice, (id. at 16), that she understood the sentence to be imposed, (id.), that it was her choice to forego presenting defenses and proceed to a jury trial, (id. at 17), that she understood that a guilty plea was the same as a guilty verdict in a jury trial, (id.), and that no threats or promises made in connection with her guilty plea. (Id. at 18-19). The presiding judge specifically told Petitioner that he wanted to ensure that he was "satisfied that we have a knowing and intelligent proceeding . . . ." (Id. at 15). Furthermore, the sentence imposed was exactly the sentence negotiated as part of the plea. Because Petitioner has not offered any evidence to the contrary, I find her plea to have been knowing and voluntary.

A plea is 'intelligent' when "the accused had the advice of counsel and understood the consequences of [her] plea, even if only in a fairly rudimentary way." Miller v. Angliker, 848 F.2d 1312, 1320 (2d Cir. 1988). Petitioner was represented by counsel both prior to and during her plea. Indeed, Petitioner confirmed on the record at her plea that she "had ample and sufficient time to speak, and consult, and talk to [her] attorney . . . ." (Plea Tr. at 16). Her attorney also informed the presiding judge that he "had numerous discussions with [Petitioner]." (Id. at 17). I therefore find her plea to have been intelligent.

Petitioner has not offered any evidence demonstrating special circumstances, Brady v. United States, 397 U.S. 742 (1970), and her plea was knowing, voluntary and intelligent. Her petition is therefore denied.

—4—

## V. Conclusion

For the reasons set forth above, Respondent's motion to dismiss is GRANTED and the petition is DENIED. Since Petitioner has failed to make a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253; see also Miller-El v. Cockrell, 537 U.S. 322, 336, 123 S. Ct. 1029, 154 L. Ed.2d 931 (2003); Luciadore v. New York State Div. of Parole, 209 F.3d 107, 112 (2d Cir. 2000); Kellogg v. Strack, 269 F.3d 100, 102 (2d Cir. 2001). The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

_____
Sandra J. Feuerstein
United State District Judge

Dated: December 6, 2005
Central Islip, New York

To:

Annette Vogelfang
03G0422
Bedford Hills Correctional Facility
247 Harris Road
Bedford Hills, NY 10507

Marion M. Tang
District Attorneys Office, Suffolk County
Criminal Courts Building
200 Center Drive
Riverhead, NY 11901-3388

To: